UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————— x

ROYAL PARK INVESTMENTS SA/NV,
Individually and on Behalf of All Others
Similarly Situated,

                    Plaintiff,

    vs.

DEUTSCHE BANK NATIONAL TRUST
COMPANY, as Trustee,

                 Defendant.

—————————————————— x

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No.

CLASS ACTION

COMPLAINT FOR BREACH OF
CONTRACT, UNJUST ENRICHMENT,
CONVERSION, BREACH OF TRUST,
EQUITABLE ACCOUNTING, AND FOR
DECLARATORY AND INJUNCTIVE
RELIEF

DEMAND FOR JURY TRIAL

Plaintiff Royal Park Investments SA/NV ("plaintiff" or "RPI") alleges the following on information and belief based upon the investigation of plaintiff's counsel (except as to the allegations pertaining to plaintiff, which are based on personal knowledge), which included an investigation and review of information concerning defendant Deutsche Bank National Trust Company ("Deutsche Bank" or "defendant"), a review and analysis of information concerning the Covered Trusts (as defined below) and the documents governing Deutsche Bank's duties and rights ("Governing Agreements") at issue herein.  Plaintiff and plaintiff's counsel believe that additional evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## SUMMARY OF THE ACTION

1.      Plaintiff brings this action on its own behalf and on behalf of a class of residential mortgage-backed securities ("RMBS") investors in the following 10 substantially similar RMBS trusts for which defendant Deutsche Bank serves as Trustee (collectively, the "Covered Trusts"):

| | Covered Trust Name | Hereinafter Referred to as |
|---|---|---|
| 1. | First Franklin Mortgage Loan Trust 2006-FF9 | FFML 2006-FF9 |
| 2. | GSR Mortgage Loan Trust 2007-AR2 | GSR 2007-AR2 |
| 3. | HSI Asset Securitization Corporation Trust 2007-WF1 | HASC 2007-WF1 |
| 4. | HarborView Mortgage Loan Trust 2006-8 | HVMLT 2006-8 |
| 5. | Morgan Stanley ABS Capital I Inc. Trust 2007-NC2 | MSAC 2007-NC2 |
| 6. | Morgan Stanley ABS Capital I Inc. Trust 2007-NC3 | MSAC 2007-NC3 |
| 7. | Morgan Stanley IXIS Real Estate Capital Trust 2006-1 | MSIX 2006-1 |
| 8. | NovaStar Mortgage Funding Trust, Series 2006-4 | NHEL 2006-4 |
| 9. | Saxon Asset Securities Trust 2006-2 | SAST 2006-2 |
| 10. | Soundview Home Loan Trust 2007-NS1 | SVHE 2007-NS1 |

2.      This dispute arises from another litigation in this district between RPI and Deutsche Bank, *Royal Park Inv. SA NV v. Deutsche Bank Nat'l Tr. Co.*, No. 1:14-cv-04394-AJN-BCM (S.D.N.Y.) (the "Litigation"), pending before the Honorable Alison J. Nathan.  In the Litigation,

Deutsche Bank has been reimbursing its legal fees and costs incurred in its defense directly from the Covered Trusts.  As a result, Deutsche Bank's legal expenses related to defending itself in the Litigation against allegations that it breached its contractual and common law duties owed to investors are currently being paid by funds out of the Covered Trusts' assets that belong to the investors in those trusts.

3.      Under both the Governing Agreements and the common law of trusts, Deutsche Bank is not permitted to receive advancement, reimbursement or indemnification for the legal fees and costs it incurs in relation to the Litigation.  Rather, Deutsche Bank is improperly and illegally financing its defense of the Litigation with funds from the very investors that have accused Deutsche Bank of wrongdoing.  Thus, the investors are being harmed by Deutsche Bank twice – first through Deutsche Bank's misconduct as alleged in the Litigation, and second through Deutsche Bank's improper and illegal use of those same damaged investors' funds to defend itself for its misconduct.

4.      Because Deutsche Bank is improperly and illegally using Covered Trusts funds to defend itself in the Litigation, Deutsche Bank must pay back to plaintiff and the class immediately all funds it has wrongfully taken.  In addition, plaintiff and the class request that Deutsche Bank be enjoined from improperly taking such funds.

## JURISDICTION AND VENUE

5.      This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332(a).  The amount at controversy is significantly higher than $75,000.

6.      Venue is proper in this District pursuant to 28 U.S.C. §1391(b).  Indeed, in at least two of the Governing Agreements, the Pooling and Servicing Agreements ("PSA") for the NHEL 2006-4 and SVHE 2007-NS1 Covered Trusts, Deutsche Bank consented to litigating claims arising out of such PSAs in this District.

## PARTIES

7.     Plaintiff RPI is a limited liability company incorporated under the laws of Belgium, with its principal place of business in Brussels, Belgium.  RPI acquired RMBS in each of the Covered Trusts on or about the dates indicated below, and has continuously held such RMBS since then:

| COVERED TRUSTS | TRANCHE/CLASS | INITIAL FACE AMOUNT OF CERTIFICATE | DATE ACQUIRED |
|---|---|---|---|
| FFML 2006-FF9 | M4 | $ 4,113,000 | February 12, 2010 |
| GSR 2007-AR2 | 1A2 | $24,143,000 | May 12, 2009 |
| HASC 2007-WF1 | M4 | $ 7,690,000 | May 12, 2009 |
| | M5 | $ 7,049,000 | May 12, 2009 |
| | M6 | $ 4,806,000 | May 12, 2009 |
| HVMLT 2006-8 | B1 | $ 7,575,000 | February 12, 2010 |
| MSAC 2007-NC2 | M4 | $ 4,500,000 | May 6, 2010 |
| | M5 | $ 4,806,000 | May 6, 2010 |
| MSAC 2007-NC3 | M2 | $ 9,000,000 | May 12, 2009 |
| MSIX 2006-1 | M2 | $25,000,000 | February 12, 2010 |
| NHEL 2006-4 | M4 | $ 7,500,000 | February 12, 2010 |
| SAST 2006-2 | M6 | $ 5,000,000 | February 12, 2010 |
| SVHE 2007-NS1 | M4 | $ 5,000,000 | May 6, 2010 |

8.     Defendant Deutsche Bank is a national banking association organized and existing under the laws of the United States with its principal place of business in California.  Deutsche Bank provides RMBS trustee services, and it serves as trustee for hundreds, if not thousands, of RMBS trusts, including the Covered Trusts.  Deutsche Bank has served as the trustee for the Covered Trusts since they were formed in 2006 and 2007.

1286367_1

## FACTUAL ALLEGATIONS

9.       RPI is the plaintiff in the Litigation currently proceeding against Deutsche Bank.  In that case, RPI alleges that Deutsche Bank failed to fulfill its duties as trustee of the Covered Trusts and thereby damaged RPI and the class of RMBS certificateholders.  The operative complaint in the Litigation (the "Complaint") is found at Dkt. No. 1 of the Litigation and incorporated by reference herein.[1]

10.       In the Complaint, RPI alleges breach of contract and breach of trust causes of action against Deutsche Bank.  RPI alleges that, although required by the Governing Agreements and its duty as trustee, Deutsche Bank willfully ignored and failed to effectuate the repurchase of mortgage loans in the Covered Trusts that had breached the representations and warranties from the originators, warrantors and/or sellers ("Warrantors"), despite receiving extensive notification of and possessing actual knowledge of specific breaches, and possessing knowledge from numerous sources of pervasive substandard underwriting and outright fraud in the origination of those loans.  Deutsche Bank took virtually no action to protect the investors because its primary concern was preserving its lucrative business interests with the deal parties responsible for making the repurchases.

11.       In addition, RPI alleges Deutsche Bank discovered and knew of numerous loan servicer events of default ("Events of Default") committed by the loan Servicers or Master Servicers (collectively "Servicers") under the Governing Agreements, but failed to give notice and cure those Events of Default.  Deutsche Bank also willfully failed to discharge its fiduciary duty to protect the interests of the certificateholders following the Events of Default, once again, electing to place its conflicted financial self-interest ahead of the interests of certificateholders.

---

[1]    All ¶__ or ¶¶__ references are to the Complaint filed in the Litigation.

12.     The Complaint expressly and repeatedly alleges that Deutsche Bank acted negligently and engaged in willful misconduct.  *See* ¶¶172, 174, 176, 178, 179, 197, 199.

13.     For example, the Complaint catalogs a series of lawsuits regarding specific loans in the specific Covered Trusts that informed Deutsche Bank that there were numerous defective mortgage loans in the Covered Trusts that breached the Warrantors' representations and warranties. ¶97.  Moreover, Deutsche Bank had granular visibility into the breaches of representations and warranties, such as misstated income or debt ratios, learned through the bankruptcies of the mortgage loan borrowers and through the due diligence of its own affiliates.  ¶¶99-114.

14.     Deutsche Bank discovered rampant failures by the Servicers to service the loans in conformance with the customary and usual standards of loan servicing practice, which constituted numerous Events of Default under the Governing Agreements.  In as early as 2008, Deutsche Bank learned that one of the servicers of the Covered Trusts, Saxon, was violating several state laws, again an Event of Default under the Governing Agreements.  ¶119.  In addition, the Servicers botched numerous foreclosure actions due to gross errors, blatant misrepresentations or criminal conduct. Courts noted that Deutsche Bank was even acquiescing in or actively participating in this misconduct; yet Deutsche Bank did not take action to protect the certificateholders as it was required to do under the prudent-person standard, a duty of care akin to that of a fiduciary.  ¶¶124-128.

15.     In defending itself against the Litigation, Deutsche Bank has and continues to spend an enormous amount on legal expenses, which has been paid from the assets of the Covered Trusts – the investors' money.  As of the filing of this complaint, it has filed an unsuccessful motion to dismiss the Litigation Complaint, opposed two class certification motions, engaged in a "scorched earth" defense strategy, and engaged in unmeritorious discovery practice.  It has undertaken wholly irrelevant and wasteful discovery, including harassing plaintiff with 227 individual requests for

- 5 -

production, many of which are irrelevant or duplicative, serving approximately 25 non-party subpoenas, and taking irrelevant or duplicative fact and expert depositions, again using the investors' money.

16.     Deutsche Bank and its counsel have consistently incurred unreasonable expenses in defending itself in the Litigation by using scorched earth tactics.  For example, the court struck an unauthorized letter brief (Litigation Dkt. 252) that had no purpose other than to inform the court "that lawyers sometimes cite different cases depending on what side of an issue they are on." *See* Transcript of Aug. 12, 2016 Hearing at 4:23-5:2.  Furthermore, it has insisted on taking depositions of witnesses with little or no knowledge of information relevant to the Litigation, despite being offered the testimony of those witnesses regarding nearly identical issues in similar matters. Deutsche Bank has also conducted inappropriately oppressive discovery, such that the court ordered Deutsche Bank to pay RPI's legal fees in relation to a reopened Fed. R. Civ. P. 30(b)(6) deposition.

17.     Despite the excessive legal expenses racked up in the Litigation, Deutsche Bank has not paid or advanced ***any*** of its own legal costs and attorney fees, nor has it sought to control its litigation expenses.  One might wonder why a litigant would engage in such excessive, expensive and unnecessary litigation tactics.  During the course of discovery in the Litigation, the reason became clear – in early 2017, RPI became aware that Deutsche Bank may have been billing the costs of defending the Litigation.  On February 23, 2017, RPI alerted Deutsche Bank of these suspicions and demanded that Deutsche Bank provide invoices detailing any costs it was billing the Covered Trusts.  In a March 13, 2017 letter to RPI's counsel, Deutsche Bank confirmed that it has been improperly paying for its scorched earth defense from the funds belonging to the Covered Trusts and the very investors suing it.  As a result, the Covered Trusts, and by way of the beneficial ownership structure of the RMBS in the Covered Trusts, RPI and the class, have been improperly and illegally

- 6 -

paying for Deutsche Bank's defense in the Litigation, even though Deutsche Bank's negligence, willful conduct and bad faith as alleged (and being proven through discovery) in failing to perform its mandated duties for investors is the cause of the Litigation. Perversely, the investors were damaged by Deutsche Bank's wrongdoing in the Litigation and now Deutsche Bank is defending such wrongdoing with the funds of the investors it wronged.

18.     Because the certificateholders are the sole beneficiaries of the Covered Trusts, Deutsche Bank's improper use of the Covered Trusts' funds reduces the amount of money that the certificateholders are entitled to receive as part of their beneficial ownership of the certificates. Certificateholders have a beneficial interest in the interest and principal payments derived from the mortgage loans that serve as the corpus for each Covered Trust. However, before the certificateholders receive their monthly remittances, the trustee (and certain other deal parties) to the Governing Agreements may withdraw funds from the Covered Trusts' assets to pay for their costs administering the trust or servicing the loans.

19.     While the certificateholders are not a party to the Governing Agreements, the Governing Agreements require Deutsche Bank to administer the Covered Trust for the sole benefit of the certificateholders. *See, e.g.*, FFML 2006-FF9 PSA §2.01(a). Thus, as the only intended beneficiaries of the Covered Trusts, they are directly damaged whenever assets or funds are wrongly siphoned from the Covered Trusts' assets. Accordingly, it is the certificateholders themselves that are funding the defense of their adversary, Deutsche Bank, the party that wronged them, in the Litigation.

**The Governing Agreements**

20.     The obligations, duties and rights of Deutsche Bank as trustee for the Covered Trusts are expressly delineated in the Covered Trusts' Governing Agreements, known as "Pooling and Servicing Agreements" (or "PSA") and documents related thereto. All of the Governing

- 7 -

Agreements for the other Covered Trusts are substantially similar to and are incorporated herein by reference.  An exemplar copy of one of the Governing Agreements, the PSA for the FFML 2006-FF9 Covered Trust (the "FFML 2006-FF9 PSA"), is attached hereto as Exhibit A.

21.    Each PSA is governed by New York state law.  *See, e.g.*, Ex. A, FFML 2006-FF9 PSA §12.03.

22.    The purpose of having trustees, such as Deutsche Bank, for the Covered Trusts is to ensure that there is at least one independent party to the Governing Agreements that – unlike plaintiff and the class – does not face collective action, informational, or other limitations, thereby allowing and requiring the trustee to protect the interests of plaintiff and the class, and administer the Covered Trusts for their benefit.

23.    The corpus of the Covered Trusts, or the "Trust Fund," contains all the assets of the trust, including the mortgage loans and the mortgage loan interest and principal payments prior to remittance to the certificateholders.  Prior to remittance, parties to the Governing Agreements, such as the trustee, or the servicer can take specific permitted withdrawals from the Trust Fund prior to the funds being sent to certificateholders.  These permitted withdrawals are outlined in the Governing Agreements.  One such permitted withdrawal is the trustee fee Deutsche Bank is paid for its services as trustee.  Deutsche Bank can also incur extraordinary expenses for certain activities it undertakes for the benefit of the Covered Trusts that fall outside of the regular duties contemplated by the Governing Agreements.  Examples of expenses that Deutsche Bank bills as extraordinary expenses are the costs incurred as a result of steps taken to protect the certificateholders' interests. The Governing Agreements do not give Deutsche Bank unfettered discretion to use trust assets carte blanche for any purpose it sees fit.

24.     While the PSAs contain a number of provisions governing the indemnification of legal fees and costs related to the discharge of Deutsche Bank's mandated duties under the Governing Agreements, there are some significant restrictions of Deutsche Bank's ability to use Covered Trust funds.   Absent from these provisions is any unequivocal language explicitly indemnifying lawsuits between indemnitor and indemnitee, parties to the Governing Agreements or beneficiaries themselves to be enforced under New York contract law, as required to be applied by the PSAs.  For purposes of the Litigation, the certificateholders suing the trustee operate functionally similar to a first-party lawsuit as it pertains to indemnification provisions.  Accordingly, in the Litigation, the purported indemnitor is suing the indemnitee and indemnification is prohibited by New York law.

25.     Most relevant to the Litigation and this action is §8.05(b)(iii) of the PSA, which prohibits trustee Deutsche Bank from using funds from the Covered Trusts whenever Deutsche Bank's conduct is "incurred because of willful misconduct, bad faith, or negligence in the performance of any of the Trustee's duties under this Agreement."  Ex. A, FFML 2006-FF9 PSA §8.05(b)(iii).

26.     Notwithstanding the fact that the Governing Agreements expressly and explicitly prohibit Deutsche Bank from using the plaintiff investors' trust assets whenever Deutsche Bank engages in "willful misconduct, bad faith, or negligence in the performance of any of [Deutsche Bank's] duties under the [Governing Agreements]," as is alleged and being confirmed through discovery in the Litigation, Deutsche Bank has incredibly and in violation of the Governing Agreements used investors' trust assets to finance its defense against those investors in the Litigation.  In short, Deutsche Bank is improperly and illegally using the very investors' money it has previously abused – by intentionally and in bad faith failing to discharge its duties under the

Governing Agreements as set forth in the Litigation – to now damage those investors a second time by using investors' funds to defend itself against its own willful misconduct, bad faith and negligence inflicted upon the same investors. Deutsche Bank's actions are improper, inequitable and in violation of the Governing Agreements.

27.    In the Litigation, RPI alleged that "Deutsche Bank's failures to act, and its breaches and violations alleged herein, were ***grossly negligent and were willful misconduct***. ¶172; *see also* ¶¶174, 176, 178-179, 187, 197, 199. Moreover, in other cases cited by RPI as the factual basis for its claims, courts have found Deutsche Bank to have been negligent or that it engaged in misconduct. ¶¶123 n.28, 127 n.31. Indeed, the Governing Agreements provide that "[n]o provision of this Agreement shall be construed to relieve the Trustee from liability for its own negligent action, its own negligent failure to act or its own willful misconduct." *See, e.g.*, FFML 2006-FF9 PSA §8.01.

28.    In addition, under New York law, it is well settled that parties are responsible for their own legal fees and expenses. Therefore, where, as in the Litigation, the dispute is between or among parties to an agreement, indemnification for legal fees and expenses is not prohibited unless expressly stated in the contract. The Governing Agreements do not authorize indemnification for legal expenses or costs in internecine disputes between the parties to the Governing Agreements, including the Litigation.

29.    Deutsche Bank has asserted that the Governing Agreements entitle it to indemnification, as a general matter, from certificateholders. However, where Deutsche Bank is taking Covered Trust funds to defend itself against allegations that it willfully, negligently and/or in bad faith failed to perform the duties mandated by the Governing Agreements, the Governing Agreements expressly forbid Deutsche Bank's financing of its defense with Covered Trust funds. *See, e.g.*, FFML 2006-FF9 PSA §8.01.

30.     Moreover, the Governing Agreements do not contain provisions providing for an advancement of Deutsche Bank's legal fees and costs.  Deutsche Bank may only receive indemnification and subsequent reimbursement of those fees and costs which are permitted, and only if it can establish that the fees and costs are expressly permitted – which here, they are not.  *See* Ex. A, FFML 2006-FF9 PSA at §8.05(b)(iii).

31.     Given that the Governing Agreements: (a) do not allow Deutsche Bank to seek advancement or indemnification from the Covered Trusts for legal expenses incurred due to the conduct alleged in the Litigation; (b) prohibit indemnification for expenses incurred as a result of its bad faith and negligent or willful misconduct; and (c) limit indemnification to only reasonable expenses, the Governing Agreements do not permit advancement or indemnification for any or all of the legal fees and costs incurred in relation to the Litigation.

32.     Furthermore, because the Governing Agreements do not provide for its indemnification in these circumstances, under trust law, Deutsche Bank is not permitted to seek indemnification for expenses not incurred for the benefit of the Covered Trusts.  As the benefit provided by the legal fees and costs incurred in the Litigation only benefits Deutsche Bank, none of its expenses can be billed to the Covered Trusts.

33.     Just as Deutsche Bank's indemnification for any costs associated with the Litigation is improper, so would its costs in defending this action be improper.  This action is another lawsuit for which the Governing Agreements do not unequivocally provide for indemnification of Deutsche Bank's costs or expenses, and Deutsche Bank will thus be willfully or negligently billing the Covered Trusts for the costs of defending its conduct.  Just as in the Litigation, this lawsuit arises from Deutsche Bank's willful misconduct, bad faith or negligence in the performance of duties under

- 11 -

the Governing Agreements.  Therefore, any indemnification that Deutsche Bank seeks from the Covered Trusts for defending this action is unlawful and should be paid back to the Covered Trusts.

## CLASS ACTION ALLEGATIONS

34.     Plaintiff brings this action as a class action on behalf of a class consisting of all current and former investors who held RMBS certificates in the Covered Trusts during the time when Deutsche Bank improperly paid for its legal fees and costs in the Litigation from the Covered Trusts' assets and were damaged as a result (the "class").  Excluded from the class are Deutsche Bank, the loan originators, the Warrantors, the Master Servicers and the Servicers of the Covered Trusts, and their officers and directors, their legal representatives, successors or assigns, and any entity in which they have or had a controlling interest.

35.     The members of the class are so numerous that joinder of all members is impracticable.  While the exact number of class members is unknown to plaintiff at this time and can only be ascertained though appropriate discovery, plaintiff believes that there are at least hundreds of members of the proposed class.  Record owners and other members of the class may be identified from records maintained by Deutsche Bank, Depository Trust Company or others and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

36.     Plaintiff's claims are typical of the claims of the members of the class, as they all acquired RMBS certificates in the Covered Trusts and held the RMBS certificates during the time when Deutsche Bank began impermissibly billing the Covered Trusts for its Litigation fees and costs; all the claims are based upon the Governing Agreements substantially in the same form as the FFML 2006-FF9 PSA; Deutsche Bank's alleged misconduct was substantially the same with respect to all class members; and all class members suffered similar harm as a result. Thus, all members of

the class are similarly affected by Deutsche Bank's contractual breaches and common law violations that are alleged herein.

37.     Plaintiff will fairly and adequately protect the interests of the members of the class and has retained counsel competent and experienced in class action and RMBS litigation.

38.     Deutsche Bank has acted in a manner that applies generally to the class because each class member is impacted through any improper charge to the Covered Trusts' assets.  Accordingly, declaratory or injunctive relief will apply to the class as a whole.

39.     Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting individual members of the class.  Among the questions of law and fact common to the class are:

(a)     whether Deutsche Bank is contractually permitted under the Governing Agreements to receive indemnification of any of its legal fees and costs from the Covered Trusts incurred in relation to the Litigation;

(b)     whether Deutsche Bank must seek indemnification from the Warrantors and/or Servicers for legal fees and costs incurred in relation to the Litigation;

(c)     whether Deutsche Bank is permitted to obtain indemnification of legal fees and costs incurred in relation to the Litigation because of willful misconduct, bad faith or negligence in the performance of any of the its duties;

(d)     whether Deutsche Bank's legal fees and costs incurred in relation to the Litigation were unreasonable;

(e)     whether Deutsche Bank, as trustee, was permitted to bill the Covered Trusts for the Litigation expenses as a principle of trust law;

- 13 -

(f)     whether Deutsche Bank's conduct in obtaining its legal fees and costs out of the Covered Trusts' assets is tortious or inequitable; and

(g)     whether Deutsche Bank is entitled to the advancement of its legal fees and costs incurred in relation to the Litigation.

40.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all class members is impracticable.  There will be no difficulty in the management of this action as a class action.

## COUNT I

## Breach of Contract

41.     Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

42.     As set forth in detail above, the Governing Agreements are contracts setting forth the duties Deutsche Bank owed to plaintiff, the class and the Covered Trusts, along with the conditions and limitations governing its rights to indemnification or use of Covered Trust funds.  Deutsche Bank took actions not permitted by the Governing Agreements or by New York law, including, without limitation:

(a)     using Covered Trust funds for legal fees and costs Deutsche Bank incurred in defending the Litigation because the Governing Agreements and New York law do not permit indemnification of first-party claims or those between indemnitor and indemnitee;

(b)     using the Covered Trust funds for legal fees and costs incurred in defending against allegations of negligence, bad faith and willful misconduct in the Litigation because the Governing Agreements and New York law prohibit the use of Covered Trust funds for such purposes;

(c)     using the Covered Trust funds for unreasonable legal fees and costs incurred in defending itself in the Litigation; and

(d)     obtaining advancement of its legal fees and costs from the Covered Trusts incurred in relation to the Litigation.

43.     As alleged herein, Deutsche Bank took actions not permitted by the Governing Agreements and therefore breached the Governing Agreements.  Deutsche Bank's contractual breaches deprived plaintiff, the class and the Covered Trusts of the consideration they bargained for, *i.e.*, they did not obtain RMBS certificates with a trustee that complied with its obligations under the Governing Agreements and could be relied on to properly bill its legal expenses.  These breaches of the Governing Agreements by Deutsche Bank caused plaintiff, the class and the Covered Trusts to suffer damages caused by the improperly billed legal expenses.

44.     Plaintiff and the class did not receive the benefit of their bargain under the Governing Agreements when Deutsche Bank took actions that resulted in the payment of legal fees and costs from the Covered Trusts incurred in defending against allegations of bad faith and willful or negligent misconduct.

45.     Furthermore, plaintiff and the class did not receive the benefit of their bargain under the Governing Agreements when Deutsche Bank took actions that resulted in it receiving an advancement of legal fees and costs from the Covered Trusts incurred in relation to the Litigation.

46.     Finally, plaintiff and the class did not receive the benefit of their bargain under the Governing Agreements when Deutsche Bank billed unreasonable legal fees and costs to the Covered Trusts.

47.     As a result of Deutsche Bank's multiple breaches of the Governing Agreements alleged herein, Deutsche Bank is liable to plaintiff, the class and the Covered Trusts for the damages

they suffered as a direct result of Deutsche Bank's actions alleged herein in contravention of the Governing Agreements.

48.     In addition, Deutsche Bank has engaged in multiple, new and additional breaches of the Governing Agreements by continuing to take further actions as alleged herein, in both the Litigation and this action, and will cause plaintiff, the class and the Covered Trusts to suffer additional damages.

## COUNT II

### Unjust Enrichment

49.     Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

50.     Deutsche Bank has received a specific benefit from its use of the Covered Trust funds for legal fees and costs at the expense of plaintiff and the class.

51.     As trustee, Deutsche Bank had a fiduciary relationship to plaintiff, the class and the Covered Trusts, and Deutsche Bank was aware of that relationship.

52.     In light of the egregious use of Covered Trust funds to finance the defense of the Litigation, restitution is necessary because equity and good conscience cannot permit Deutsche Bank to retain the legal fees and costs.

## COUNT III

### Conversion

53.     Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

54.     As described above, Deutsche Bank's administration of the Covered Trusts and the funds therein must only be for the benefit of the certificateholders unless provided for by the Governing Agreements.

55.     By using Covered Trust funds for unlawful and unreasonable legal fees and costs, Deutsche Bank has wrongfully converted Covered Trust funds belonging to plaintiff and the class.

56.     As a direct and proximate result of Deutsche Bank's wrongful taking and interference of Trust Funds, plaintiff and the class have sustained damages and losses equal to the specific and identifiable amount of legal fees and costs misappropriated by Deutsche Bank.

57.     At no point did plaintiff or class members consent to Deutsche Bank's use of Covered Trust funds for defending itself in the Litigation.

58.     Deutsche Bank's conduct was gross, willful and wanton, and at the least was undertaken with reckless disregard of plaintiff's rights, and therefore warrants the imposition of punitive damages.

## COUNT IV

### Breach of Trust

59.     Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

60.     Under the common law, Deutsche Bank had a duty to plaintiff and the class to only seek indemnification of permitted legal fees and costs incurred for the benefit of the Covered Trusts.

61.     As a result of Deutsche Bank's actions in relation to allegations in the Litigation, Deutsche Bank is not entitled to indemnity.

62.     Deutsche Bank breached its duty of trust owed to plaintiff and the class by advancing its own interests at the expense of plaintiff and the class, because it is being sued in the Litigation in its capacity as trustee for failing to protect the interests of plaintiff and the class but billing the Covered Trusts for its defense.  Accordingly, the legal fees and expenses incurred in defending itself in the Litigation are for the exclusive benefit of Deutsche Bank and not for the benefit of the Covered Trusts.

63.     In addition, Deutsche Bank breached its duty of trust owed to plaintiff and the class by seeking unreasonable legal fees and expenses from the Covered Trusts assets.

64.     Furthermore, Deutsche Bank has continued bill the Covered Trusts as alleged above and thus has continued to fail to fulfill its duty of trust, and has thereby engaged in numerous, continuing additional breaches of its duty of trust to the present time, in both the Litigation and this action.

65.     As a result of Deutsche Bank's breach of its duty of trust, unpermitted legal fees and costs were billed to and paid from the Covered Trusts assets, causing the plaintiff and class damages.

66.     Deutsche Bank's conduct was gross, willful and wanton, and at the least was undertaken with reckless disregard of plaintiff's rights, and therefore warrants the imposition of punitive damages.

## COUNT V

### Equitable Accounting

67.     Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

68.     As an RMBS trustee, Deutsche Bank had, and continues to have, a fiduciary relationship with and duty to certificateholders regarding the assets of the Covered Trusts in which certificateholders have a beneficial interest.

69.     The funds held in the Covered Trusts are entrusted to Deutsche Bank's administration and oversight.

70.     Deutsche Bank's fiduciary duty and control of entrusted funds impose a burden of accounting.

71.     Plaintiff and the class require an accounting of the legal fees and costs paid for using Covered Trust assets to determine the amount improperly taken.

1286367_1

72.     Deutsche Bank has declined to provide such an accounting upon plaintiff's request.

## COUNT VI

**Declaratory Judgment Regarding Deutsche Bank's Right
to Indemnification for Legal Fees and Costs Incurred in
Defending the Litigation from the Covered Trusts**

73.     Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

74.     A valid and justiciable controversy exists between plaintiff and Deutsche Bank regarding Deutsche Bank's right to indemnification from the Covered Trusts for legal fees and costs Deutsche Bank incurred in defending the Litigation.  Plaintiff contends, and Deutsche Bank denies, that Deutsche Bank is not entitled to indemnification from the Covered Trusts for any loss, liability or expense associated with the Litigation because the Governing Agreements and New York law prohibit:

(a)     indemnification of first-party claims or those between indemnitor and indemnitee;

(b)     the use of Covered Trust funds for legal fees and costs incurred in defending against allegations of negligence, bad faith and willful misconduct;

(c)     using the Covered Trust funds for the unreasonable legal fees and costs incurred in defending itself in the Litigation; and

(d)     obtaining advancement of Deutsche Bank's legal fees and costs from the Covered Trusts incurred in relation to the Litigation.

75.     Plaintiff seeks a declaration that Deutsche Bank is not permitted indemnification from the Covered Trusts for any loss, liability or expense associated with the Litigation, and that Deutsche Bank is not entitled to draw against the Covered Trusts for the purpose of advancing its attorneys' fees and expenses associated with the Litigation.  The requested declaratory judgment will serve a

- 19 -

useful purpose in clarifying and settling the legal issue regarding whether Deutsche Bank is entitled to indemnity from the Covered Trusts against any loss, liability or expense associated with the Litigation.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief and judgment as follows:

A.      Determining that this action is a proper class action, certifying plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and appointing the undersigned as class counsel;

B.      Compelling Deutsche Bank to provide an accounting of the legal fees and costs it has sought and/or received from the Covered Trusts in defending itself in the Litigation and this action;

C.      Providing declaratory relief in favor of plaintiff and the class to establish that Deutsche Bank is prohibited from advancement and reimbursement of fees and costs incurred in relation to the Litigation and this action from the Covered Trusts;

D.      Issuing a preliminary and permanent injunction, enjoining the further advancement or indemnification of Deutsche Bank from the Covered Trusts' assets for legal fees and costs incurred in the Litigation and this action;

E.      Awarding damages and/or equitable relief in favor of plaintiff, the class and the Covered Trusts against Deutsche Bank for breaches of its contractual and common law duties alleged in the Litigation and this action, including interest thereon;

F.      Disgorging any benefits or profits received as a result of Deutsche Bank's breach of its duty of loyalty to avoid unjust enrichment;

G.      Awarding punitive damages to plaintiff, the class and the Covered Trusts against Deutsche Bank related to the claims of conversion and the breach of trust;

- 20 -

H.      Awarding plaintiff, the class and the Covered Trusts their reasonable costs and expenses incurred in this action, including counsel and expert fees; and

I.      Such other relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims so triable.

DATED:  August 4, 2017                     ROBBINS GELLER RUDMAN & DOWD LLP
                                           SAMUEL H. RUDMAN


                                           */s/ Samuel H. Rudman*
                                           SAMUEL H. RUDMAN

                                           58 South Service Road, Suite 200
                                           Melville, NY  11747
                                           Telephone:  631/367-7100
                                           631/367-1173 (fax)
                                           srudman@rgrdlaw.com

                                           ROBBINS GELLER RUDMAN & DOWD LLP
                                           ARTHUR C. LEAHY
                                           STEVEN W. PEPICH
                                           LUCAS F. OLTS
                                           DARRYL J. ALVARADO
                                           655 West Broadway, Suite 1900
                                           San Diego, CA  92101-8498
                                           Telephone:  619/231-1058
                                           619/231-7423 (fax)
                                           artl@rgrdlaw.com
                                           stevep@rgrdlaw.com
                                           lolts@rgrdlaw.com
                                           dalvarado@rgrdlaw.com

                                           ROBBINS GELLER RUDMAN & DOWD LLP
                                           CHRISTOPHER M. WOOD
                                           414 Union Street, Suite 900
                                           Nashville, TN  37219
                                           Telephone:  615/244-2203
                                           615/252-3798 (fax)
                                           cwood@rgrdlaw.com

                                           Attorneys for Plaintiff

- 21 -