UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Royal Park Investments SA/NV,

    Plaintiff,

–v–

Deutsche Bank National Trust Company,

    Defendant.

17-CV-5916 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

This dispute between Plaintiff Royal Park Investments SA/NV ("Royal Park") and Defendant Deutsche Bank National Trust Company ("Deutsche Bank") arises from another related action pending before this Court, *Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14-CV-4394 (AJN)(BCM) [the "underlying litigation"]. In this putative class action, Plaintiff alleges that Deutsche Bank has been illegally reimbursing its own legal fees and costs incurred in the underlying litigation from the assets of the Covered Trusts at issue in the underlying litigation. Royal Park sues to enjoin Deutsche Bank from using the funds and to receive reimbursement for the funds it has wrongfully taken.

Deutsche Bank moves to dismiss the Complaint in its entirety. For the following reasons, the Court STAYS the above-captioned action, including the motion to dismiss, pending resolution of the underlying litigation.

## I. Background

The Court assumes the parties' familiarity with the factual background. For more background on the underlying litigation see *Royal Park Investments SA/NV v. Deutsche Bank National Trust Co.*, No. 14-CV-4394 (AJN), 2016 WL 439020 (S.D.N.Y. Feb. 3, 2016) and *Royal Park Investments SA/NV v. Deutsche Bank National Trust Co.*, No. 14-CV-4394 (AJN),

1

2018 WL 1750595 (S.D.N.Y. Apr. 11, 2018), *appeal filed*, No. 18-1074 (2d Cir.). For present purposes, the following summary will suffice.

The underlying litigation concerns residential mortgage-backed securities ("RMBS") trusts. Specifically, there are ten Trusts at issue, and Royal Park acquired RMBS in each of the ten trusts, all of which are provided trustee services by Deutsche Bank. Complaint ("Compl.") ¶¶ 7-8, Dkt. No. 1. All of the Trusts are covered by Pooling and Servicing Agreements ("PSAs"), which govern the sale of a pool of mortgage loans. The underlying litigation alleges that Deutsche Bank violated its contractual duties under the PSAs. *See id.* ¶¶ 9-14.

On March 24, 2017, Royal Park sought discovery related to Deutsche Bank's legal bills as well as for a Court order that Deutsche Bank reimburse the Covered Trusts for its expenses. *See generally* Letter Motion to Compel, 14-CV-4394, Dkt. No. 340. Magistrate Judge Barbara C. Moses, who has capably managed the voluminous and contentious discovery process in the underlying litigation, denied Royal Park's order to compel discovery, and indicated that to the extent Royal Park sought a preliminary injunction, the application would have to be made to this Court. *See generally* Order, 14-CV-4394, Dkt. No. 355; Transcript of April 7, 2017 Conference before Judge Moses ("Apr. 7, 2017 Tr."), 14-CV-4394, Dkt. No. 359. Instead, on August 4, 2017, Royal Park filed this separate action.

In this action, Royal Park alleges that Deutsche Bank has spent "an enormous amount on legal expenses," incurring "unreasonable expenses in defending itself in the [underlying litigation]," and that it has been paying for its defense "from the funds belonging to the Covered Trusts and the very investors suing it." Compl. ¶¶ 15-17. According to Royal Park, while the PSAs contain a number of provisions related to the indemnification of legal fees for the Trustee, "there are some significant restrictions of Deutsche Bank's ability to use Covered Trust funds." *Id.* ¶ 24. Specifically, the PSAs prohibit Deutsche Bank from using the trust assets whenever Deutsche Bank engages in "willful misconduct, bad faith, or negligence in the performance of any of [Deutsche Bank's] duties under the [Governing Agreements]." *Id.* ¶ 26 (brackets in original). In the underlying litigation, Royal Park alleged that "Deutsche Bank's failures to act,

2

and its breaches and violations alleged herein, were grossly negligent and were willful misconduct." *Id.* ¶ 27 (quoting Complaint ¶ 172, 14-CV-4394, Dkt. No. 1) (emphasis omitted). Additionally, Royal Park asserts that the PSAs do not contain provisions providing for the advancement of Deutsche Bank's legal fees and costs; rather it "may only receive indemnification and subsequent reimbursement of those fees and costs which are permitted." *Id.* ¶ 30.

The instant action is brought as a putative class action on behalf of "all current and former investors who held RMBS certificates in the Covered Trusts during the time when Deutsche Bank improperly paid for its legal fees and costs in the [underlying litigation] from the Covered Trusts' assets and were damaged as a result," *id.* ¶ 34, and brings claims for breach of contract, unjust enrichment, conversion, breach of trust, equitable accounting, and declaratory judgment.

On October 10, 2017, Deutsche Bank moved to dismiss the Complaint in its entirety, arguing that Royal Park lacks standing, that the plain language of the PSAs forecloses Royal Park's breach of contract and declaratory judgment claims, and that the non-contractual claims also be dismissed for various reasons. *See* Memorandum of Law in Support of the Motion to Dismiss of Defendant Deutsche Bank National Trust Company, as Trustee ("Br.") at 5-23, Dkt. No. 15. Alternatively, if the Court does not dismiss all of the claims, Deutsche Bank asks the Court to stay this action pending resolution the underlying litigation. *See id.* at 23-24.

Having reviewed all of the parties' submissions, the Court now STAYS the action, including the motion to dismiss, pending resolution of the underlying litigation.

## II. Legal Standard

District courts have broad authority to stay one action pending the outcome of another. *See Kerotest Mfg.Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183-84 (1952); *Comp. Assoc. Int'l, Inc. v. Altai, Inc.*, 893 F.2d 26, 29 (2d Cir. 1990). Courts in this district routinely issue stays when "awaiting the outcome of proceedings which bear upon the case, even if such proceedings are not necessarily controlling of the action to be stayed." *Catskill Mountains*

*Chapter of Trout Unlimited, Inc. v. EPA*, 630 F. Supp. 2d 295, 305 (S.D.N.Y. 2009) (internal quotation marks omitted). In determining whether a stay is appropriate, the Court must consider whether the "interests of efficient judicial administration and comprehensive disposition of litigation" is better served through an order to stay the proceedings. *New York v. Blank*, No. 88-CV-163, 1991 WL 208883, at *11 (N.D.N.Y. Oct. 10, 1991). To guide this determination, courts generally consider five factors: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Volmar Distribs., Inc. v. N.Y. Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993). The Court considers each factor in turn.

### III. Discussion

First, while Royal Park, like any other plaintiff, has an interest in proceeding expeditiously and receiving resolution, the Court can find no prejudice to Royal Park if resolution were delayed. The only prejudice Royal Park purports to identify in its briefing is Deutsche Bank's continued billing of the trusts for its legal fees and expenses. Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Opp.") at 24, Dkt. No. 27. However, even assuming *arguendo* that the Court were to conclude that this billing were impermissible – that is, even if the Court were to ultimately decide in Royal Park's favor – Royal Park does not allege that Deutsche Bank would be unable to repay the Covered Trusts if the Court ordered such repayment. *See VNB Realty, Inc. v. U.S. Bank N.A.*, No. 13-CV4743 (WJM), 2016 WL 3912028, at *2 (D.N.J. July 19, 2016) (denying a preliminary injunction in similar fees litigation because any monetary harm could be remedied later). If this action were truly exigent, such that significant delay accrued significant harms to Royal Park, Royal Park would not have waited more than three years after it became aware of Deutsche Bank's indemnification. *See* Apr. 7, 2017 Tr. at 10:21-11:4 (noting that Royal Park did not seek a declaratory judgment or preliminary injunction at the outset of the case despite knowing about the indemnification

4

clause); *accord* Order at 1, *Royal Park Invs. SA/NV v. U.S. Bank N.A.*, No. 14-CV-2590 (VM)(RWL) (S.D.N.Y. Feb. 22, 2018), Dkt. No. 369 (noting that any harm related to "Plaintiff's concern that Defendant's actions may be diminishing Trust assets" can be "addressed with damages").

The second factor is "the private interests of and burden on the defendants." *Volmar Distribs.*, 152 F.R.D. at 39. The Court concludes that this factor is neutral or only slightly favors Deutsche Bank. Deutsche Bank claims that absent a stay it would be "forced to expend significant resources, which could be avoided if in [the underlying litigation] the Trustee is not found to have acted with gross negligence or engaged in willful misconduct." Br. at 23. Absent a stay, it is true that if the Court were to deny the motion to dismiss, even in part, Deutsche Bank would likely face merits and class discovery and further motion practice, and some of the burden would likely be duplicative with issues pending in the underlying litigation. However, as Royal Park correctly notes, *see* Opp. at 24, the amount of resources Deutsche Bank would have to expend in this action remains largely the same whether it proceeds now or following resolution of the underlying litigation.

Skipping the Court's interest for a moment, Royal Park's argument regarding the harm to persons not parties to this litigation is largely a repeat of its arguments about the harm that would befall itself were the Court to stay resolution. Namely, Royal Park argues that other certificateholders are harmed until Deutsche Bank is ordered to stop billing the Trusts for its legal fees. For the same reasons that the prejudice of any delay to Royal Park is minimal, the interests of non-parties are not consequential here. With respect to the public, while the public has an interest in prompt adjudication in this and all other cases, the public is also not served by any wasting of judicial resources. *See Specrite Design, LLC v. Elli N.Y. Design Corp.*, No. 16-CV-6154 (ER), 2017 WL 3105859, at *6 (S.D.N.Y. July 20, 2017) ("Generally, considerations of judicial economy are viewed as relevant to the public interest.").

In light of the minimal prejudice that would fall upon any party or non-party regardless of the resolution of this motion, the analysis ultimately turns on what is most efficient for the Court.

On this factor, the Court finds that a stay of proceedings pending resolution of the underlying litigation is the more efficient way to sequence resolution of these two related actions, and may be necessary to avoid unnecessary determinations. Specifically, were the Court to find that the PSAs allow for the Trustee's indemnification of its legal fees and expenses defending itself in an action brought by certificateholders, the Court would still need to determine whether Deutsche Bank's actions fall within the exception to indemnification for expenses "incurred because of willful misconduct, bad faith, or negligence in the performance of any of the Trustee's duties." *See* FF9 PSA § 8.03 (Ex. A to Complaint), No. 14-cv-4394, Dkt. No. 1-1. Issues of Deutsche Bank's misconduct and/or negligence in the performance of its duties are at the very heart of the underlying litigation. Those issues are almost certain to be the subject of further discovery pending in the underlying litigation, and resolution of the underlying litigation will involve a determination of whether Deutsche Bank exercised its rights and powers with "the same degree of care and skill . . . as a prudent person would exercise." *See id.* § 8.01. Accordingly, while it is not *necessarily* the case that resolution here would involve a duplicative determination, the probability that it might outweighs the negligible prejudice Royal Park would suffer from any delay, and the Court is persuaded to stay the action, including the motion to dismiss, pending resolution of the related issues in the underlying litigation. *See Specrite Design*, 2017 WL 3105859, at *2 ("A court may stay proceedings in one suit to abide by the proceedings in another even if the parties or the issues in the two cases are not identical.").

## IV. Conclusion

For the foregoing reasons, the above-captioned action is STAYED pending resolution of the related case, 14-cv-4394. Because the parties may seek to supplement their briefing when the stay is lifted, the Court DENIES the motion to dismiss without prejudice to its refiling once the stay is lifted. Deutsche Bank must refile any motion to dismiss within thirty (30) days following the resolution of the underlying litigation.

This Order resolves Dkt. No. 14.

SO ORDERED.

Dated: ~~July~~ Aug 10, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge